FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 02 2009 ★

BROOKLYN OFFICE

MM:JM:SK:TYH/JEG
F.# 2007R00182

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

HARRY K. KAHALE,
HAROLD RICHARD GRAHAM,
GREGORY C. SCARLATO and
MITCHELL REISMAN,

    Defendants.

- - - - - - - - - - - - - - - - -X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 09-159 (S-1)(CPS)
(T. 18, U.S.C., §§ 981,
1341, 1343, 1349, 2 and
3551 et seq.; T. 28,
U.S.C., § 2461)

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1.   B.I.M. Mining Corp. (hereinafter "B.I.M.") was a Nevada corporation located at 2235 East Flamingo Road, Las Vegas, Nevada.

2.   Metro Group and Thrift (hereinafter "Metro") was a New Jersey corporation located at 2540 Shady Nook Road, Slatington, Pennsylvania.

3.   Alliance Group and Brokerage LLC (hereinafter "Alliance") was a New Jersey corporation located at 2540 Shady Nook Road, Slatington, Pennsylvania.

4. The defendant HARRY K. KAHALE was the president, chief executive officer and treasurer of B.I.M.

5. The defendant HAROLD RICHARD GRAHAM was the secretary and a director of B.I.M.

6. The defendant GREGORY C. SCARLATO, individually and through his companies Metro and Alliance, acted as an agent of B.I.M. by soliciting investments and loans.

7. The defendant MITCHELL REISMAN acted as an agent of B.I.M. by soliciting investments and loans.

8. Investor No. 1, Investor No. 2 and Investor No. 3 were B.I.M. investors whose identities are known to the Grand Jury.

## COUNT ONE
(Conspiracy to Commit Mail and Wire Fraud)

9. Paragraphs 1 through 8 are realleged and incorporated by reference.

10. In or about and between 2003 and 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud B.I.M. investors and lenders, and to obtain money and property from such investors and lenders by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing

2

that scheme and artifice, (a) to cause mail matter to be delivered by the United States Postal Service, and (b) to transmit and cause to be transmitted by means of wire communication in interstate commerce writings, signs, signals and sounds, contrary to Title 18, United States Code, Sections 1341 and 1343.

11. It was a part of the conspiracy that the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN falsely represented to investors, lenders and potential investors that B.I.M. possessed assets, mostly minerals and precious metal resources, including, among other things, gold in various forms and nickel babbitt, located in various places outside the United States. The defendants further falsely represented to investors, lenders and potential investors that they needed funds, whether by way of loans or investments, to process, transport and market these assets.

12. It was a further part of the conspiracy that the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN made false representations to investors, lenders and potential investors regarding, among other things: (a) B.I.M.'s size and business operations; and (b) the defendants' backgrounds and business contacts.

13. It was a further part of the conspiracy that the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN issued to B.I.M. investors and

lenders, in exchange for their money, documents identified as "gold delivery certificates." The gold delivery certificates typically bore maturity dates approximately two to twelve months after the date of issue, and promised the bearers large sums of money upon maturity.

15. It was a further part of the conspiracy that, upon the maturation of the gold delivery certificates, the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN sent the investors and lenders letters thanking them for their patience and fraudulently representing, in substance, that B.I.M. had experienced numerous delays for different reasons. Each letter ended, in substance, with fraudulent statements that the defendants looked forward to a profitable return and that the gold delivery certificates would be redeemed soon.

15. It was a further part of the conspiracy that the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN used the money from investors and lenders for the defendants' own personal expenses and to pay earlier investors and lenders.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

4

## COUNTS TWO THROUGH FIVE
(Mail Fraud)

16. Paragraphs 1 through 8 and 11 through 15 are realleged and incorporated by reference.

17. In or about and between 2003 and 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud B.I.M. investors and lenders, and to obtain money and property from such investors and lenders by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing that scheme and artifice and attempting to do so, did place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United States Postal Service, specifically, letters to investors in B.I.M., as follows:

| COUNT | APPROXIMATE DATE OF MAILING | DESCRIPTION OF MATTER | POINT OF ORIGIN | DESTINATION |
|---|---|---|---|---|
| TWO | November 13, 2007 | Letter mailed to Investor No. 2 updating status on gold delivery certificate redemption | 2235 East Flamingo Road Las Vegas, Nevada | Flushing, New York |
| THREE | July 18, 2007 | Letter mailed to Investor No. 1 updating status on gold delivery certificate | 2235 East Flamingo Road Las Vegas, Nevada | Glen Cove, New York |

5

| COUNT | APPROXIMATE DATE OF MAILING | DESCRIPTION OF MATTER | POINT OF ORIGIN | DESTINATION |
|---|---|---|---|---|
| FOUR | October 3, 2006 | Letter mailed to Investor No. 2 updating status on investment | 2235 East Flamingo Road Las Vegas, Nevada | Flushing, New York |
| FIVE | March 24, 2006 | Letter mailed to Investor No. 2 updating status on gold delivery certificate | 2235 East Flamingo Road Las Vegas, Nevada | Flushing, New York |

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

## COUNT SIX
(Mail Fraud)

18. Paragraphs 1 through 8 and 11 through 15 are realleged and incorporated by reference.

19. In or about and between 2003 and 2008, both dates being approximate and inclusive, within the Western District of New York and elsewhere, the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud B.I.M. investors and lenders, and to obtain money and property from such investors and lenders by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing that scheme and artifice and attempting to do so, did cause to be sent and delivered by a private and commercial interstate carrier according to the direction thereon, an investment check in the

6

amount of $200,000, to be sent and delivered by Federal Express, from Investor No. 3 in Falconer, New York to the defendant GREGORY C. SCARLATO in Slatington, Pennsylvania.

(Title 18, United States Code, Sections 1341, 2 and 3551 et seq.)

### COUNT SEVEN
(Wire Fraud)

20. Paragraphs 1 through 8 and 11 through 15 are realleged and incorporated by reference.

21. In or about and between 2003 and 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN, together with others, did knowingly and intentionally devise a scheme and artifice to defraud B.I.M. investors and lenders, and to obtain money and property from such investors and lenders by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing that scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, specifically, a $90,000 wire transfer on or about October 27,

2005 from Commerce Bank in New Jersey to HSBC Bank in Brooklyn, New York.

(Title 18, United States Code, Section 1343, 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

22. As the result of committing one or more of the offenses alleged in Counts One through Seven of this Superseding Indictment, contrary to Title 18, United States Code, Sections 1341, 1343, 1349 and 2, the defendants HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense(s) to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense(s), including but not limited to, a sum of money up to a value of not less than $1,040,000 in United States currency, representing the amount of proceeds obtained as a result of the scheme described in the above-listed offenses.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited

8

with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

    (Title 18, United States Code, Section 981; Title 28, United States Code, Section 2461)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2007R00182
FORM DBD-34
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT of NEW YORK

Criminal Division

THE UNITED STATES OF AMERICA

v.

**HARRY K. KAHALE, HAROLD RICHARD GRAHAM, GREGORY C. SCARLATO and MITCHELL REISMAN,**

Defendants.

# SUPERSEDING INDICTMENT

(S-1)

(T. 18, U.S.C., §§ 981, 1341, 1343 1349, 2 and 3551 et seq.; T. 21, U.S.C., 2461)

A true bill.

_____ Foreman

Filed in open court this _____

of _____ A.D. 20 _____

_____ Clerk

Bail, $ _____

*AUSAs Tanya Y. Hill and Jonathan E. Green*

NEW YORK FEDERAL COURT

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ SEP 0 2 2009 ★ 

BROOKLYN OFFICE

USAO#   2007R00182

1. Title of Case:  United States v. Harry K. Kahale, Harold Richard Graham, Gregory C. Scarlato and Mitchell Reisman

2. Related Magistrate Docket Number(s)_____

   None (X)

3. Arrest Date: _____

4. Nature of offense(s):   X   Felony
   ☐   Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules): None

6. Projected Length of Trial:   Less than 6 weeks   (X)
   More than 6 weeks   ( )

7. County in which crime was allegedly committed: Queens County   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   ( ) Yes   (X) No

9. Have arrest warrants been ordered?   ( ) Yes   (X) No

10. Is a capital count included in the indictment?   ( ) Yes   (X) No

BENTON J. CAMPBELL
UNITED STATES ATTORNEY

By: _____
Jonathan E. Green
Assistant U.S. Attorney
718-254-6297

Rev. 10/01/03