UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

UNITED STATES OF AMERICA,

        v.                                ORDER
                                            09-CR-159 (KAM)

MITCHELL REISMAN,

        Defendant.
----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

On February 19, 2010, defendant Mitchell Reisman was found guilty by a jury verdict of wire fraud, five counts of mail fraud, and conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. (*See* Minute Entry dated Feb. 19, 2010.) He, along with his co-defendants, committed these crimes in connection with a scheme to fraudulently solicit investors and lenders for B.I.M. Mining Corporation, which the defendants falsely represented as possessing gold, minerals, and precious metal resources. *See United States v. Kahale*, No. 09-CR-159, 2010 WL 3851987, at *1-2 (E.D.N.Y. Sept. 27, 2010) (order denying defendants' motions pursuant to Federal Rules of Criminal Procedure 29 and 33). Mr. Reisman was subsequently sentenced to, *inter alia*, 51 months in custody and to pay $1,019,000. (J. dated Oct. 14, 2010, ECF No. 403.) On July 29, 2014, Mr. Reisman, proceeding *pro se*, filed a petition for a writ of error coram nobis, challenging the

restitution obligation imposed during sentencing.[1]  For the reasons that follow, the petition is denied and, as set forth in his Judgment of Conviction, defendant must pay restitution to his victims.

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  "Coram nobis is an 'extraordinary remedy' authorized under the All Writs Act."  *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005).  In order to obtain a writ of error coram nobis, a petitioner must show that: "1) there are circumstances compelling such action to achieve justice, 2) sound reasons exist for failure to seek appropriate earlier relief, and 3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ."  *United States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (quoting *Fleming v. United States*, 146 F.3d 88, 90 (2d Cir. 1998) (per curiam)).  Application of the writ "is strictly limited to those cases in which errors of the

---

[1] Mr. Reisman has filed an identical petition as a separate civil case.  *See Reisman v. United States*, No. 14-cv-4571 (E.D.N.Y. filed July 24, 2014).  He has not, however, paid the requisite filing fee or applied for *in forma pauperis* status and been notified by the court's Pro Se Office that he must correct this deficiency within fourteen days or the case will not proceed. Nonetheless, in light of the court's order regarding Mr. Reisman's identical petition in this criminal case, the court denies the civil petition as moot and respectfully requests that the Clerk of Court close the civil case.

most fundamental character have rendered the proceeding itself irregular and invalid" and is "not a substitute for appeal."[2] *Id.* (quoting *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996)).

Mr. Reisman contends in his coram nobis petition that he does not have sufficient resources to pay restitution and requests that the court strike his restitution obligation entirely. (*See* Pet. 6.) He avers that, having been released from custody, he earns $400 per week and cannot afford to pay 20% of his gross income, after deductions required by law, as ordered during sentencing. Mr. Reisman's purported income and difficulty paying restitution does not constitute an error, let alone a an "error[] of the most fundamental character." *Mandanici*, 205 F.3d at 524.

Defendant was ordered to pay restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, which provides that a defendant must pay restitution if he committed an offense against property and "an identifiable victim or victims has suffered a . . . pecuniary loss." 18 U.S.C. 3663A(c)(1) (2000); *see also, e.g.*, *United States v. Vilar*, 729 F.3d 62, 95-96 (applying the MVRA to a case involving

---

[2] The Second Circuit has not definitively ruled on whether a writ of coram nobis may be used to challenge an order of restitution; however, a number of district courts within the Circuit have held that the writ may be used to bring such a challenge. *See Carnesi v. United States*, 933 F. Supp. 2d 388, 394 (E.D.N.Y. 2013) (collecting cases).

3

wire fraud).  Courts must order restitution pursuant to the MVRA without consideration of defendant's ability to pay that amount. *United States v. Catoggio*, 326 F.3d 323, 329 (2d Cir. 2003) ("the MVRA makes clear that defendant's ability to pay should not be considered in determining the amount of restitution."). In this case, specific victims and their losses were identified prior to sentencing.  Accordingly, Mr. Reisman's argument –- that the restitution obligation should be dismissed because he cannot pay it -– is meritless.[3]

Moreover, even if defendant's ability to pay were at issue, Mr. Reisman presents no compelling reason why paying a fixed percentage of his income toward restitution would be unreasonable.  Accordingly, the motion for a writ of error coram

---

[3] Pursuant to 18 U.S.C. §§ 3664(f)(1)(B)(2) and (k), a defendant's ability to pay must be considered in setting a restitution payment schedule and that schedule may be adjusted if a defendant's economic circumstances change; however, Mr. Reisman does not appear to request an altered payment plan but rather that restitution not be ordered at all in his case.  Even if he were seeking a revised payment schedule, he has not demonstrated, as discussed below, that he cannot pay the fixed percentage of his income the court ordered.

nobis is denied. Mr. Reisman is to pay restitution as previously ordered, and the Clerk of Court is respectfully requested to send Mr. Reisman a copy of this order at the address listed on the docket sheet.

**SO ORDERED.**

Dated:     Brooklyn, New York
             August 1, 2014

                                        _____/s_____
                                        KIYO A. MATSUMOTO
                                        United States District Judge