

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SJ:TYH
F.# 2007R00180	*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 16, 2015

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>	Re:	United States v. Mitchell Reisman
>		Criminal Docket No. 09-CR-0159 (KAM)

Dear Judge Matsumoto:

　　　　The government respectfully submits this letter in accordance with this Court's December 2, 2015 order to the government to respond to Mitchell Reisman's motion for Early Termination of Probation/Supervised Release. On November 25, 2015, Reisman filed his motion, requesting that his three-year term of supervised release be terminated approximately ten months before its completion. Mr. Reisman argues that the interest of justice favor his early release. Based on the applicable legal standard set forth below, the government opposes this request.

　　　　A district court may "terminate a term of supervised release and discharge the defendant . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making the determination, the Court is directed to consider factors below set forth in Section 3553(a) (1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), which the court weighed in determining the initial sentence:

>		(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>		(2) the need for the sentence imposed—
>
>			(B) to afford adequate deterrence to criminal conduct;

      (C) to protect the public from further crimes of the defendant; and

      (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (4) the kinds of sentence and the sentencing range established for—

      (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines . . .

    (5) any pertinent policy statement—

      (A) issued by the Sentencing Commission . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a), as quoted in *United States v. Weintraub*, 371 F.Supp.2d 164, 166 (D.Conn. 2005).

  To support his request for early termination of supervised release, Reisman notes that he has "not been arrested or committed any violation of supervision since release," has not "had any psychiatric episodes," he has no "history of violence" and he had "no aggravated role in the instant offense." He states that he is "gainfully employed by Gylton Holdings, . . . making steady and reliable income," and has been with the company since 1995, long before his incarceration, and that the cost to the taxpayers militate in favor of his early termination. Reisman has alleged no more than that he has complied with the terms of his release; compliance with the terms of supervised release is expected, and does not merit early termination.

  In considering such motions, Courts look to new, unforeseen, and unanticipated circumstances to determine if a defendant warrants an early termination. "Early discharge from supervised release is appropriate to 'account for new or unforeseen circumstances' not contemplated at the initial imposition of supervised release." *United States v. McKay*, 352 F. Supp. 2d 359, 360-61 (E.D.N.Y. 2005)(quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). Like the defendant in *McKay*, Reisman merely demonstrates that he has resumed his life's activities, as "expected of a person under the magnifying glass of supervised release and does not warrant early termination." 352 F.Supp.2d at 361. Only facts and circumstances demonstrating "exceptionally good

behavior" may merit early termination. The court in *McKay* stated that although the defendant's "behavior in prison and on supervised release is laudable, it is not so unusual as to merit early termination." 352 F.Supp.2d at 361.

The Probation Department noted that Reisman fit their criteria and received the benefit of its lower level of supervision, referred to as the Lower Intensity Caseload. Reisman was supervised by a generalist probation officer for a year prior to being transferred. Its position, further, is that if there are any conditions of the court order that have not been satisfied, then it does not believe that an early release would be warranted. In Reisman's case, a significant balance of restitution is still due and owing.[1] Therefore, since Reisman already is in the Lower Intensity Caseload, he has already received the benefit of a reduced level of supervision which is minimally intrusive. The determination to terminate a term of supervised release is within the discretion of the district court. *McKay*, 352 F. Supp. 2d at 361 (citing *Lussier*, 104 F.3d at 36.)

Applying the standard set forth above, coupled with the view of the Probation Department, the government does not believe that Reisman's post-incarceration adjustment has been so exceptional as to merit early termination of supervised release. Nothing he has cited constitutes a "new or unforeseen circumstance," *McKay*, supra, as required. Moreover, he still has a substantial restitution balance due and owing. For those reasons, the government opposes his request.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: *Tanya Y. Hill*
Tanya Y. Hill
Assistant U.S. Attorney
(718) 254-6144

---

[1] Reisman was ordered to pay $1,019,000 in restitution. According to the U.S. Department of Justice Consolidated Debt Collection System ("CDCS"), as of December 7, 2015, he has paid a total of $6,275.46 towards his restitution obligation. CDCS records reflect that he makes monthly payment of $240.